UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX SALINAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-1411 |
| | § | |
| WAL-MART STORES INC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendant's, Wal-Mart Stores, Texas L.L.C., motion for summary judgment [Doc. No. 17], the plaintiff's, Felix Salinas, response [Doc. No. 25] and the defendant's reply [Doc. No. 27]. After a careful review of the motion, response, reply and the applicable case law, the Court determines that the defendant's motion for summary judgment should be granted.

**II.**

The plaintiff alleges that on September 7, 2012, he slipped and fell on a vegetable-like substance that was on the floor "in the general merchandise entrance vestibule" of a Wal-Mart store. The defendant does not dispute that the plaintiff slipped and fell or that a substance was on its floor in the area where the plaintiff fell. Rather, the defendant argues that the plaintiff should not prevail on his claim because it had neither actual knowledge nor constructive knowledge that a substance was on the floor.

**III.**

The plaintiff contends that the incident occurred in the view of a store greeter and that the defendant was negligent in failing to keep the pathway of ingress and egress clear of debris.

Specifically, the plaintiff contends that the "defendant had a duty to use ordinary care in providing a reasonably safe environment for [the] plaintiff and other individuals to shop."

The defendant asserts that the plaintiff's case is not a "simple negligence" case, but a premises liability case. In a premises liability case, the defendant contends a plaintiff must establish that the defendant placed the vegetable on the floor or, knew that it was there before the plaintiff fell, or that the debris was on the floor long enough, prior to the plaintiff's fall, for the defendant to have either actual or constructive knowledge of the debris' presence. In this regard, the defendant argues that the plaintiff's evidence fails to create a fact issue as to whether it knew or should have known that the debris was on the floor prior to the plaintiff's fall. As support for its position, the defendant points to the plaintiff's admissions of fact and the deposition testimony of the plaintiff and the person employed by the defendant as the store greeter.

### IV.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those

portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."* *Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## V.

The defendant is correct that this is a premises liability case. *See Wal-Mart Stores, Inc. v. Gonzales,* 968 S.W.2d 934 (Tex. 1998). The plaintiff's premises liability claim fails because he has presented no evidence that the defendant had either actual or constructive knowledge of the presence of a substance on its floor prior to his fall. *See Wal-Mart Stores, Inc. v. Reese*, 81 S.W. 3d 812, 813 (Tex. 2002). The fact that the plaintiff fell after slipping on debris on the defendant's floor is not conclusive on the question of the defendant's negligence. *See H. E. Butt Grocery, Co. v. Godawn*, 763 S.W. 2d 27, 30 (Tex. App.—Corpus Christi 1998, no pet.) In order for the plaintiff to sustain his case in the face of a motion for summary judgment, he must establish that: (a) the owner had actual or constructive knowledge of a condition on its premises; (b) the condition posed an unreasonable risk of harm; (c) the owner did not exercise reasonable

care to reduce or eliminate the risk; and (d) the owner's failure to use care was the proximate cause of the plaintiff's injuries. *See Gonzales*, 968 S.W.2d at 936; *see also Reese* 81 S.W. 2d at 814.

In his response to requests for admissions, the plaintiff admitted that he did not know who placed the substance on the floor or how it got there. He further admitted that he has no personal knowledge that the defendant knew that the substance was on the floor or that the defendant had notice that a substance was on the floor prior to his fall. Likewise, the plaintiff presents no evidence that the defendant had constructive knowledge that a substance was on the floor.

Nevertheless, the plaintiff points to the deposition testimony of Julia Caban, a store greeter, for support. Caban, who was monitoring and generally maintaining the area where the plaintiff fell, was standing about 15 feet from the area and saw the plaintiff fall. However, when asked whether she "may have seen anything that [the plaintiff] slipped on that day," she answered, "I might have seen it, but I did not see anything."

Caban's testimony, while a bit confusing and speculative, leaves no doubt, however, that she did not see any substance on the floor prior to the plaintiff's fall. Caban's statement that she "might have seen it" is, at best, pure speculation and does not overcome her absolute statement that she "did not see anything." Furthermore, the statement appears to speak to her capacity or ability to see a substance on the floor. Hence, no genuine issue of material fact is raised by the plaintiff's proffer of evidence; mere speculation does not overcome clear evidence to the contrary. *See Celotex Corp.,* 477 U. S. 323. Viewed in light most favorable to the plaintiff, there is not a scintilla of evidence that creates a genuine dispute of material fact sufficient to survive the defendant's motion for summary judgment. *See Adams*, 465 F.3d at 163-64.

Therefore, the Court is of the opinion that the defendant's motion for summary judgment should be, and is hereby, GRANTED.

It is so Ordered.

SIGNED on this 8th day of May, 2014.

_____

Kenneth M. Hoyt
United States District Judge